**Seyfarth**

**Seyfarth Shaw LLP**
620 Eighth Avenue
New York, New York  10018
**T** (212) 218-5500
**F** (212) 218-5526

kwinnick@seyfarth.com
T (212) 218-5510

www.seyfarth.com

June 11, 2025

**<u>VIA ECF</u>**

Magistrate Judge Robert W. Lehrburger
Southern District of New York
500 Pearl Street, Room 18D
New York, New York 10007

Re:    Heilmann v. Yeshiva University, et al.
Civ. No. 1:25-cv-02431-AT-RWL (S.D.N.Y.); 1:25-cv-02491-AT-RWL (S.D.N.Y.)

Dear Judge Lehrburger:

As Your Honor is aware, we represent Defendant Yeshiva University ("YU") in the litigation captioned *Heilmann v. Yeshiva University, et al.*, Case No. 1:25-cv-02431 ("*Heilmann I*"), and we represent Defendants YU, Dr. Sara Asher, Dr. Yedidya Levy, Ms. Jennifer Golden, Ms. Judith Lopez, Dr. Rebecca Cypress, Dr. Yael Muskat, and Ms. Abigail Kelsen ("Defendants") in the litigation captioned *Heilmann v. Yeshiva University, et al.*, Case No. 1:25-cv-02491 ("*Heilmann II*").

We write to alert the Court to Plaintiff's continued pattern of harassing and inflammatory actions since the commencement of *Heilman I* and *II*.  More specifically, Plaintiff has repeatedly and unjustifiably threatened the undersigned and his law firm with Rule 11 sanctions, bar complaints, criminal investigations, and other baseless actions.

Just yesterday (June 10, 2025), for example, Plaintiff wrote to the undersigned providing a "sixth notice" regarding purported sanctionable conduct.  (*See* Ex. 1.)  Plaintiff claimed that the undersigned made misrepresentations to the Court when we advised the Court in a May 23, 2025 letter that co-defendant Moshe Davidovics, through counsel, consented to a continuation of the June 12 initial conference and the stay of discovery.  (*See* Ex. 1 at 2.)  Plaintiff baselessly threatened that if the undersigned did not retract his May 23 letter, Plaintiff would seek monetary sanctions, referral to the "Southern District of New York's Grievance Committee," and "[e]scalation to international legal and disciplinary bodies, if appropriate."  (*See id.* at 3.)  This is not the first time Plaintiff has claimed that the undersigned acted improperly by representing Mr. Davidovics' consent.  (*See, e.g.*, ECF No. 26 at 7.)

To clarify the record, lest there is any doubt, we received consent from Mr. Davidovics, through his counsel, to represent that Mr. Davidovics consented to continuing the initial conference and staying discovery.  (*See* Ex. 2.)  Plaintiff's accusations here, like throughout his repeated letters and threats, are utterly baseless.



Plaintiff has also sent this Firm repeated communications he styled as "Rule 11(c)(2) Safe Harbor Notices" concerning Defendants' disclosure of his "settlement demands" whereby he demanded hundreds of millions of Swiss Francs or else he would seek criminal and other sanctions. (*See, e.g.*, Exs. 3.) Plaintiff apparently also filed a criminal complaint in Germany and bar complaint against the undersigned in retaliation for Defendants' Motion to Enjoin Plaintiff from Future Filings Without Leave From the Court. (*See* Ex. 4.) He had already filed criminal complaints in Germany against two of the undersigned's colleagues, including a second-year associate, for their alleged crimes of drafting a position statement before the New York State Division of Human Rights.

Finally, even after this Court ordered on May 29, 2025, that the parties need not submit a proposed case management order (*Heilman II*, ECF No. 29), Plaintiff filed a letter accusing the undersigned of improper conduct by not engaging in a Rule 26(f) meet and confer and leveled baseless accusations against the undersigned. (*Heilmann II*, ECF No. 37.) This necessitated a response to clarify the record. (*See Heilmann II*, ECF No. 38.)

Plaintiff's campaign of harassment is not only a flagrant misuse of legal process to try to coerce a settlement, the baseless and repeated letters has cost Defendants time, money, and expense. Defendants therefore respectfully request that Plaintiff be ordered to refrain from his campaign of threats and harassment or else face sanctions in the form of attorneys' fees and costs for Defendants having to respond to his baseless threats.

We thank the Court for its time and attention to this matter and look forward to the initial conference on June 12, 2025.

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Kyle D. Winnick*

Kyle D. Winnick

cc:    All counsel of record (via ECF)