# EXHIBIT 1

## Winnick, Kyle

| | |
|---|---|
| **From:** | Yisrael Heilmann <yzh2@protonmail.com> |
| **Sent:** | Tuesday, June 10, 2025 7:44 PM |
| **To:** | Winnick, Kyle; Almon, Lorie |
| **Subject:** | Rule 11(c)(2) Safe Harbor Notice – Misrepresentation of Legal Consent (Dkt. 18 and 24) |
| **Attachments:** | Rule 11 violation June 11 Case -31.pdf; Rule 11 violation June 11 Case -91.pdf; Heilmann_Opposition_to_Stay_and_Adjournment_2025-05-26.pdf |

**This Message Is From an External Sender**

This message came from outside your organization.

YISRAEL Z. HEILMANN
447 Broadway, 2nd Floor, #945
New York, NY 10013
yzh2@protonmail.com

**June 10, 2025**

Via Email and Certified Mail

**Kyle D. Winnick, Esq.**
Seyfarth Shaw LLP
620 Eighth Avenue
New York, NY 10018
kwinnick@seyfarth.com

## Re: Rule 11(c)(2) Safe Harbor Notice – Misrepresentation of Legal Consent (Dkt. 18 and 24)

*Heilmann v. Yeshiva University, et al., Case Nos. 25-cv-02431 & 25-cv-02491 (S.D.N.Y.)*

Dear Mr. Winnick:

Pursuant to **Rule 11(c)(2)** of the Federal Rules of Civil Procedure, this letter serves as formal notice of Plaintiff's intent to file a motion for sanctions unless your firm promptly withdraws or corrects false factual statements made in filings at **Dkt. 18 (Case 25-cv-02431, filed May 23, 2025)** and **Dkt. 24 (Case 25-cv-02491, filed May 23, 2025)**. This Safe Harbour Notice is for filing on Dkt. 24  **(Case 25-cv-02491, filed May 23, 2025). It's the sixth notice so far.**

1

## I. False Representation of Consent

Your firm falsely stated to the Court that **Mr. S. Joshua Kahane**, counsel for co-defendant Moshe Davidovics, had "consented to the adjournment" of the initial Rule 26(f) conference. In fact:

- No written, oral, or implied authorization existed that would permit your firm to present Mr. Kahane as having granted or facilitated consent to adjourn on Plaintiff's behalf.

This false representation appears explicitly in your May 23, 2025 letter to the Court:

> "We asked Plaintiff whether he consented to the relief requested herein. He responded, via email, that he 'do[es] not intend to engage in informal discussion. All proceedings will continue through the appropriate judicial channels.' Defendant Moshe Davidovics, whom we do not represent, has, through counsel, indicated his consent to the relief requested herein."
> *(Dkt. 24, p. 1, filed May 23, 2025)*

This statement implies that Mr. Kahane's consent encompassed or validated procedural relief that affected the pro se Plaintiff. It constitutes a direct violation of **Rule 11(b)(3)**, which requires factual contentions to have evidentiary support.

- Mr. Kahane has never submitted any communication to the Court authorizing such consent.
- Under standard rules of professional conduct and federal procedure, one defense attorney may not speak for a separately represented co-defendant without express consent or a formal notice of joint representation.
- See **ABA Model Rule 1.7 and Rule 1.9**, as well as **Local Civil Rule 1.4 (SDNY)**, which require formal substitution or co-counsel appearance to represent multiple parties.
- Seyfarth Shaw LLP may not assert procedural positions on behalf of Mr. Kahane's client without (1) a signed notice of appearance as co-counsel, or (2) explicit written authorization filed with the Court.

Plaintiff's contemporaneous opposition filing further clarifies:

> "Contrary to Defendants' representations, Plaintiff has not authorized Mr. S. Joshua Kahane to speak or consent on his behalf. Mr. Kahane represents co-defendant Moshe Davidovics and has no procedural or legal standing to affect Plaintiff's scheduling or discovery obligations. Defendants' reliance on his alleged 'consent' is a factual and ethical distortion."
> *(Heilmann Opposition to Stay and Adjournment, May 26, 2025, p. 3)*

---

## II. Legal Consequences of Misrepresentation

Your filings mischaracterize procedural facts in an effort to influence scheduling outcomes. This tactic has resulted in:

- **Prejudice** to the pro se Plaintiff's litigation timeline;
- **Delay** of a federal Rule 26(f) conference under false pretenses;
- **Undermining** the Plaintiff's credibility through procedural manipulation.

The conduct also risks violating **Rule 11(b)(1)**, as it may reflect an improper purpose—to delay litigation or gain strategic advantage via misrepresentation.

## III. Safe Harbor Period and Requested Action

In accordance with Rule 11(c)(2), you are hereby granted **21 days from the date of this notice** to take one of the following corrective actions:

1.  **Withdraw** the filings at Dkts. 24 in their entirety; or
2.  **File amended versions** that explicitly remove the reference to Mr. Kahane's alleged consent and clarify that no authorization was granted to act on Davidovics' behalf behalf.

Failure to take corrective action will result in the immediate filing of a **Rule 11(c) motion for sanctions**, requesting:

*   Monetary sanctions for over 40–100 hours of pro se litigation costs and prejudicial delay;
*   Referral to the **Southern District of New York's Grievance Committee**;
*   Escalation to international legal and disciplinary bodies, if appropriate.

## IV. Preservation Notice

You are instructed to **preserve all internal and external communications** involving the alleged "consent" from Mr. Kahane, including drafts, emails, internal strategy discussions, and any materials submitted to or received from co-counsel or clients. Deletion or modification of such communications may be treated as **spoliation of evidence**.

Respectfully submitted,

/s/ **Yisrael Z. Heilmann**

Pro Se Plaintiff

***Please note:*** *This email is provided solely for the purpose of Rule 11(c)(2) service. The prior directive prohibiting direct contact from Seyfarth Shaw LLP remains fully in effect. No response to this message is authorized outside of proper ECF filing or court-supervised procedure.*

Sent from Proton Mail [proton.me] for iOS

Sent from Proton Mail [proton.me] for iOS