# EXHIBIT 3

## Winnick, Kyle

| | |
|---|---|
| **From:** | Yisrael Heilmann <yzh2@protonmail.com> |
| **Sent:** | Friday, May 30, 2025 7:26 PM |
| **To:** | Winnick, Kyle; Almon, Lorie |
| **Subject:** | Rule 11(c)(2) Safe Harbor Notice – Improper Filing in ECF No. 32 (Case No. 1:25-cv-02491) |

**This Message Is From an External Sender**

This message came from outside your organization.

Yisrael Z. Heilmann

447 Broadway, 2nd Floor, #945

New York, NY 10013

yzh2@protonmail.com

May 30, 2025

Via Email and Certified Mail

Kyle D. Winnick, Esq.

Seyfarth Shaw LLP

620 Eighth Avenue

New York, NY 10018

kwinnick@seyfarth.com

RE: Rule 11(c)(2) Safe Harbor Notice — Improper Filing at Dkt. 32

Heilmann v. Yeshiva University et al., Case No. 25-cv-02491 (SDNY)

Dear Mr. Winnick:

1

Pursuant to Federal Rule of Civil Procedure 11(c)(2), this letter constitutes formal Safe Harbor Notice regarding your firm's filing at Docket Entry 32, dated May 30, 2025, in the above-captioned matter.

That filing contains material misrepresentations, factual distortions, and improper disclosures that violate Rule 11(b). If not withdrawn within the required 21-day safe harbor period, I will seek appropriate sanctions from the Court.

**1. Improper Use of Protected Rule 408 Communications**

Your filing misuses and quotes extensively from a confidential global settlement demand dated May 23, 2025. That letter was clearly and repeatedly marked:

"Subject to Rule 408 of the Federal Rules of Evidence, the Swiss Federal Code of Civil Procedure, the New York Convention of 1958, and all applicable international confidentiality frameworks."

By using such communications as evidence of alleged wrongdoing, your firm has:

- Violated Rule 408, which prohibits the use of compromise negotiations to prove liability,

- Mischaracterized the content of the letter as "extortion," despite its legal framing and disclaimers,

- Prejudiced the Court and misled the record in a retaliatory and unethical manner.

2. False Accusations of Criminal Conduct

Your filing accuses me, a pro se civil rights plaintiff, of "extortion," "blackmail," and other criminal acts — without basis, evidence, or adjudicated findings. These allegations are:

- Legally and ethically inappropriate,

- In violation of Rule 11(b)(1) (improper purpose) and (b)(3) (factual contentions lacking evidentiary support),

- Part of a clear campaign to retaliate against protected litigation and suppress whistleblower-related activity.

I have never demanded money in exchange for dismissing criminal charges. To the contrary, my communications clearly delineate between civil settlement demands and independent legal actions under national and international frameworks.

3. Misrepresentation of Procedural History and Frivolous Multiparty Argument

You falsely allege that I have filed duplicative, meritless lawsuits. In fact:

- Each action is grounded in distinct factual nuclei (e.g., assault, false imprisonment, retaliatory billing, defamation, disability discrimination),

- Each involves different combinations of defendants and separate causes of action,

- All filings are Rule 11(b)-compliant and based on substantial supporting evidence, as confirmed by multiple docket acceptances.

This misrepresentation, paired with improper settlement disclosure, evidences a pattern of bad-faith litigation conduct and a disregard for judicial economy.

Notice and Safe Harbor Period

You are hereby granted the 21-day safe harbor period, expiring June 20, 2025, to:

1. Withdraw Dkt. 32 in full, or

2. File an amended version removing all Rule 408 content, criminal accusations, and mischaracterizations.

If no corrective action is taken, I will file a motion for sanctions under Rule 11(c), including:

- A request for judicial sanctions,

- Referral to the New York State Bar Attorney Grievance Committee,

3

- Escalation to international legal and regulatory bodies including the International Criminal Court under Article 15,

- Notification to European and diplomatic authorities under applicable treaty law and anti-retaliation protocols.

**Preservation Notice**

Please preserve all internal and external communications related to your decision to file Dkt. 32, including draft versions and correspondence discussing Plaintiff's settlement demands. Any deletion or modification may constitute spoliation of evidence.

***This is the fourth Rule 11 (B) Safe Harbour notice to Mr. Winnick within 36 hours.***

Please note:

The deliberate and willful mischaracterization of a confidential Rule 408 settlement communication as alleged 'extortion' within a U.S. federal court filing fulfills the objective and subjective elements of **Falsche Verdächtigung** under § 164(1) of the German Criminal Code (StGB), as well as defamatory falsehood under § 187 StGB. This constitutes a grave procedural violation of core constitutional and evidentiary principles and will be immediately referred to the competent State Prosecutor's Office (Staatsanwaltschaft) and bar oversight authorities in both Germany and the United States for criminal and disciplinary review.

The*: **Ease Direct Contact Due to Active Criminal and Disciplinary Proceedings for Seyfarth Shawn LLP from May 30, 2025  remain in effect.***

This notice is made in good faith to give you the opportunity to correct course without further motion practice.

Sincerely,

Yisrael Z. Heilmann

Pro Se Plaintiff

Footnote: If ECF No. 32 is not withdrawn or corrected within the safe harbor period, I also reserve the right to submit a formal complaint to the New York Attorney Grievance Committee and to refer the matter for criminal and regulatory review in relevant U.S. and international jurisdictions.

4